## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:16-CR-00019-14 |
| v. | (Judge Brann) |
| TIMOTHY B. MOSES, JR., | |
| Defendant. | |

## MEMORANDUM OPINION

### AUGUST 11, 2020

Currently pending before the Court is Timothy B. Moses, Jr.'s motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Moses contends that he is entitled to release to home confinement due to the COVID-19 pandemic, as he previously tested positive for the virus.[2] The Government opposes the motion.[3]

## I.   BACKGROUND

In 2016, Moses was indicted in a superseding indictment for conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1).[4] Moses later pled guilty, pursuant to a plea agreement, to conspiracy to distribute controlled substances,[5] and was sentenced to 71 months' imprisonment.[6] He is

---

[1]   Doc. 1483.
[2]   *Id.*
[3]   Doc. 1497.
[4]   Doc. 25.
[5]   Doc. 337.
[6]   Doc. 555.

currently incarcerated at the Federal Correctional Institution in Ray Brook, New York ("FCI Ray Brook").

Moses has now filed a motion for compassionate release.[7]  Moses does not assert that he suffers from any illness that would elevate his risk of serious illness or death should he contract COVID-19 but, instead, bases his motion on his prior COVID-19 diagnosis.[8]  The Government responds that Moses has not exhausted his administrative remedies[9] and, in any event, no extraordinary and compelling basis exists to grant the motion, and the relevant 18 U.S.C. § 3553(a) sentencing factors militate against releasing Moses to at-home confinement.[10]  This motion is ripe for consideration and, for the following reasons, Moses' motion will be denied.

## II.    DISCUSSION

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."[11] Congress has provided courts with the authority to modify sentences through its enactment of 18 U.S.C. § 3582(c)(1)(A). That statute permits courts to reduce an inmate's sentence if the inmate has exhausted his administrative remedies and if, as relevant here,

---

[7]   Docs. 1483, 1492.

[8]   *Id.*

[9]   The Government asserts that Moses did not properly exhaust his administrative remedies because he filed his motion with this Court prior to filing a request with the Bureau of Prisons. (Doc. 1497 at 23-24). The Court need not decide whether prisoners may properly exhaust their administrative remedies *after* filing a motion for compassionate release with the district court because, even assuming that they may, Moses' motion fails on its merits.

[10]   Doc. 1497.

[11]   *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007).

"extraordinary and compelling reasons warrant such a reduction."[12] Courts must also consider the relevant § 3553(a) sentencing factors[13] and whether "the defendant is . . . a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[14]

Congress has not defined the term "extraordinary and compelling." However, the Sentencing Guidelines define the term to include a terminal illness, or any non-terminal illness "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[15] This definition is not, however, authoritative, as "[t]he Commission has not updated its policy statement to account for the changes imposed by the First Step Act, and the policy statement is now clearly outdated."[16] Thus, while "the Policy Statement provides useful guidance for district courts in assessing a defendant's eligibility for compassionate release, . . . it does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)."[17]

---

[12]   18 U.S.C. § 3582(c)(1)(A)(i).
[13]   *Id.*
[14]   <u>U.S. Sentencing Guidelines Manual</u> § 1B1.13(2).
[15]   USSG § 1B1.13, cmt. n.1(A).
[16]   *United States v. Rodriguez*, __ F.Supp.3d __, __, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *3 (E.D. Pa. Apr. 1, 2020).
[17]   *United States v. Guzman*, No. 3:16-CR-85, 2020 WL 4515476, at *3 (M.D. Pa. Aug. 5, 2020) (brackets and internal quotation marks omitted).

The relevant sentencing factors to consider under § 3553(a) include, *inter alia*, (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; and (4) "the need for the sentenced imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."[18] "The burden rests with the defendant to show that a reduction in sentence is proper."[19]

Here, Moses has not met his burden of establishing that extraordinary and compelling reasons weigh in favor of compassionate release. First, although Moses was previously diagnosed with COVID-19, the record demonstrates that he has fully recovered from his viral infection and now suffers no health consequences as a result of that infection.[20] Thus, Moses' prior COVID-19 diagnosis is not a proper basis for granting his motion.

Second, Moses does not suffer from any ailments that render him more susceptible to serious injury or death should he again contract COVID-19. In the absence of any comorbidity that would render Moses especially vulnerable to COVID-19, the Court simply cannot conclude that compassionate release is

---

[18]   18 U.S.C. § 3553(a).
[19]   *United States v. Rengifo*, No. CV 1:13-CR-00131, 2020 WL 4206146, at *2 (M.D. Pa. July 22, 2020).
[20]   Doc. 1497-2 at 98; *see id.* at 2-36.

appropriate. As the United States Court of Appeals for the Third Circuit has explained:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.[21]

The Court also notes that, despite FCI Ray Brook housing approximately 1,827 inmates, there are currently no active COVID-19 cases among either the inmates or staff members at that facility, as all previous cases of COVID-19 have resolved.[22] It appears that, as a general matter, FCI Ray Brook has "respond[ed] to and defend[ed] against the threats of the virus in a vigorous and generally effective manner,"[23] which further emphasizes that Moses is not entitled to compassionate release based solely on the existence of COVID-19 or his already-resolved infection.

The Court is sympathetic to Moses' situation, and the risk of harm or death from COVID-19 is a serious issue. However, under these circumstances, the Court simply cannot find that extraordinary and compelling reasons exist to grant Moses' motion.

---

[21] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

[22] Doc. 1497 at 13-14; *see COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Aug. 10, 2020). Specifically, twelve inmates and ten staff were previously infected, but have since recovered.

[23] *United States v. Rae*, No. CR 15-432, 2020 WL 4544387, at *4 (E.D. Pa. Aug. 6, 2020); *see* Doc. 1497 at 10-14 (detailing steps BOP has taken to protect inmates from COVID-19).

### III.   CONCLUSION

For the foregoing reasons, Moses' motion for compassionate release will be denied.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge